**UNITED STATES of America,**
**Appellant,**

**v.**

**Kenneth Eugene GIBBS and Ronald**
**Charles Wachs, Appellees.**

**UNITED STATES of America,**
**Petitioner,**

**v.**

**Honorable James M. CARTER,**
**Respondent.**

**No. 17035.**

United States Court of Appeals
Ninth Circuit.

Dec. 1, 1960.

Harold R. Tyler, Jr., Asst. Atty. Gen., Harold H. Greene, Gerald P. Choppin, Attorneys, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., for appellant.

Howard R. Harris, San Diego, Cal., for appellees.

Before HAMLEY, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM.

Kenneth Eugene Gibbs, twenty years of age, and Ronald Charles Wachs, nineteen years of age, were convicted on their pleas of guilty of the crime of importing marihuana in violation of 21 U.S.C.A. § 174. In the judgments entered on May 16, 1960, imposition of sentence was suspended, and defendants were placed on probation for a period of five years subject to certain conditions. Section 5010(a) of 18 U.S.C.A., a provision of the Youth Corrections Act, was relied upon by the trial court as authority for the suspensions and probation.

On May 18, 1960, the Government filed a motion under rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A., to correct the sentences. This motion was denied on May 24, 1960. Notices of appeal from the judgments and the order denying rule 35 relief were filed on June 3, 1960. The Government's opening brief was filed on October 15, 1960. At the same time, and as an alternative to the appeal procedure, the Government filed here a motion for leave to file a petition for a writ of mandamus. On October 21, 1960, we granted the motion and ordered the respondent judge to show cause on November 28, 1960, why the petition for a writ of mandamus should not be granted.

In the meantime and on October 21, 1960, this court filed its opinion in United States v. Lane (United States v. Kunzel), 9 Cir., 284 F.2d 935. That case involved the identical questions presented here: (1) Whether the United States had a remedy in this court by way of appeal or mandamus to test the validity of a judgment suspending imposition of sentence and granting probation to a nineteen-year-old person convicted of the crime of illegal importation of heroin in violation of section 174; and (2) if such a remedy was available here, whether such a judgment is valid. Counsel for Gibbs and Wachs in the instant case filed an amicus curiae brief in the Lane-Kunzel case.

It was held in Lane-Kunzel that the Government had a remedy by way of mandamus but not appeal. It was further held that the judgment was not valid because the trial court was without power to suspend the imposition of sentence and grant probation. No petition for rehearing was filed, and the time for filing such a petition has expired.

■■ The attempted appeals by the Government in the instant case must be dismissed for the reasons stated in the opinion in Lane-Kunzel. As there indicated, the availability of mandamus as a remedy is dependent upon an exercise of discretion by this court. In that case and in the exercise of such discretion, mandamus was made available to the Government as a means of testing the validity of the sentence. Considering the fact that the question on the merits in the then pending Lane-Kunzel case and this case are the same, we think the Government proceeded with due expedition in bringing this case to submission. Accordingly, and in the exercise of our discretion, we hold that mandamus is an available remedy here.

■ The question on the merits being the same in both cases, we hold, on the authority of Lane-Kunzel, that 26 U.S.C.A. § 7237(d) repeals in part or amends 18 U.S.C.A. § 5010(a), a provision of the Federal Youth Corrections Act, so that the trial court was without power to suspend the imposition of sentences against Gibbs and Wachs, and was without authority to grant them probation.

It is ordered that a writ of mandamus issue directing that the district court correct the sentences in the respects referred to in this opinion. The appeals are dismissed.