THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LAUDELINO RIVERA and CRUZ RIVERA PERDOMO, Defendants and Appellants.

No. CR-69-57.    Decided December 23, 1969.

*Francisco Hernández Vargas* for appellants. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Adolfo Negrón Cruz, Assistant Solicitor General,* for The People.

MR. JUSTICE TORRES RIGUAL delivered the opinion of the Court.

In *Cabán Torres v. Delgado, Warden,* 92 P.R.R. 506 (1965) we held that § 55 of the Narcotics Act of Puerto Rico, Act No. 48 of June 18, 1959, 24 L.P.R.A. § 976g, did not preclude the Parole Board from exercising its jurisdiction, as a matter of law, to consider the cases of convicts for acts involving the transfer, sale or dispensing of narcotic drugs, after they have served the minimum term of the indeterminate sentence imposed. By thus holding, we dissipated any doubt which could arise from the above-mentioned § 55 concerning the application of the Indeterminate Sentence Act, Act No. 295 of April 1946, 34 L.P.R.A. §§ 1024–1025, to the cases of transfer, sale, and dispensing of drugs.

The present appeal involves a similar contention but with regard to the application to said cases of the provisions of the act concerning suspended sentence and probation, Act No. 259 of April 3, 1946, 34 L.P.R.A. §§ 1026–1029.

Relying on the provisions of Act No. 103 of June 29, 1955, 34 L.P.R.A. §§ 1042–1043, appellant requested the trial court to grant suspended sentence and release on probation alleging that he was under 21 years of age at the time the offense was committed.[1] The trial court denied said petition on the grounds that by virtue of the aforementioned § 55 the provisions on suspended sentence and probation are not applicable to any person convicted of acts involving the transfer, sale, and dispensing of drugs. Said section reads:

"The Superior Court of Puerto Rico shall have exclusive original jurisdiction in all judicial proceedings instituted under this chapter. *The provisions on suspended sentences and on release on parole or on probation shall not be applicable to any person convicted of the violation hereof with respect to the transfer, sale or dispensing of the narcotic drugs covered by this chapter.* The provisions on suspended sentence and release on parole or on probation shall be applicable to persons convicted for acts involving the mere possession and holding of said narcotic drugs." (Italics ours.)

Appellant's contention is that this section does not have the scope to repeal the provisions of Act No. 103, *supra,* which provides:

"The judges of the Superior Court of Puerto Rico are hereby authorized, in the exercise of their discretion, to grant suspended sentences in any felony case, except first-degree murder, and in every case of misdemeanor arising from facts involved in the felony and not excluded from the benefits of sections 1042 and 1043 of this title, including the case where a person has been

---

[1] Appellant, ·Laudelino Rivera, was convicted for six violations of the Narcotics Act of Puerto Rico including charges for the transfer and sale of drugs. Coappellant Rivera Perdomo was convicted for eleven violations including, besides these charges, that of the sowing and cultivation of marihuana.

adjudged not guilty of the felony but guilty of facts involved therein and which constitute a misdemeanor, provided the convicted person was under 21 years of age on the date the offense was committed."

In a genuine effort for making more effective the control of the traffic and illegal use of drugs, the Legislature approved in 1959 the Narcotics Act in force, *supra*. The Senate Health and Welfare Committee's Report on this act, emphasizes the interest of the Legislature to complement the federal legislation on drugs[2] and to adopt the same sanctions and penalties of the latter, with the clear purpose that—the state and federal jurisdictions being concurrent in this field —there be no benefits or disadvantages for the persons covered by these acts, depending on the act applied in the specific case. See 10 Journal of Proceedings 1937 (1958). Section 55 of our Narcotics Act, *supra*, arises from that legislative purpose, practically following the provisions of § 7237 of the Internal Revenue Code of the United States, 26 U.S.C.A. § 7237.[3]

The same question we are considering now has also been raised in the federal jurisdiction. *United States* v. *Lane*, 284 F.2d 935 (9th Cir. 1960); *United States* v. *Gibbs*, 285 F.2d 225 (9th Cir. 1960). There as well as here there are provisions which permit the judges to grant in the exercise of their discretion the benefit of the suspended sentence and release on probation to convicts under 21 years of age.[4] See § 2(a) of the Federal Youth Corrections Act, 18 U.S.C.A. § 5010(a), and our Act No. 103, *supra*.

---

[2] Harrison Act, 26 U.S.C.A. § 4701 *et seq.;* Narcotic Drugs Import and Export Act of 1956, 21 U.S.C.A. § 174.

[3] Section 7237(d) of title 26 U.S.C.A. covers, besides the sale or dispensing, the illegal importation of drugs and the sale of heroin to persons under 18 years of age.

[4] The Federal Youth Corrections Act is applied to those under 22 years of age. 18 U.S.C.A. § 5006(e).

In *United States* v. *Lane, supra,* a question identical with the one of the case at bar was raised. A minor was convicted of illegal importation of drugs. The trial court granted release on probation relying on the aforecited § 2(a) of the Federal Youth Corrections Act. Subsequently, the court denied the Attorney General's petition to set aside the suspension of the sentence pursuant to 26 U.S.C.A. § 7237(d) of the Federal Code, which as stated herein, just as our § 55, renders inapplicable the provisions for suspended sentence and probation to those persons convicted of the transfer, sale, and dispensing of drugs. The Court of Appeals of the Ninth Circuit upon considering the question ordered the trial court to dismiss the suspension of the sentence, deciding that the provisions of the Federal Youth Corrections Act authorizing the judges to suspend the imposition of sentence to youth offenders was repealed by § 7237(d) of title 26 U.S.C.A. In other words, in the federal jurisdiction youth offenders convicted of transfer, sale, and dispensing of drugs are not entitled to suspended sentence and probation, despite the provisions of § 2(a) of the Federal Youth Corrections Act.

■ The interpretation supported by appellant Laudelino Rivera would break the pattern of uniformity established by the Legislature in enacting the Narcotics Act in force, granting a benefit or advantage to youth offenders convicted of the sale, transfer, and dispensing—probation—which does not exist under the federal legislation, impairing thus the legislative endeavor in the solution of such a serious and distressing problem as is the traffic and illegal use of narcotic drugs. This, undoubtedly, would obstruct the effective coordination of the Commonwealth agencies and the respective federal agencies subserving the repulsive practice of recruiting minors for the drug traffic. It was precisely to put an end to that practice that the United States enacted § 7237(d) which was subsequently adopted by our Legislature through § 55, *supra.* See House Reports No. 2388 of the Committee

of Ways and Means, 2 U.S. Code Cong. & Ad. News 1956, 84th Cong., 2d Sess., pp. 3274, 3303–04.

■ We conclude that § 55 of the Narcotics Act of Puerto Rico, *supra*, rendered ineffective, in the cases of sale, transfer, and dispensing of drugs, the provisions of Act No. 103, and therefore the trial court did not err in denying appellant, Laudelino Rivera, the suspension of the sentence imposed.

The assignment that the trial court refused to discharge the jury when the prosecuting attorney discussed in his argument evidence which was not presented also lacks merit. Appellants refer to the fact that in his argument to the jury the prosecuting attorney stated:

"Another of the arguments of the colleague is that since 1959 it is thus planted there [marihuana], look, I am sure that since 1959, a big business is established there and it could be found out in 1966. It is that it is incredible that in 1959 he throws some seeds there and it is in 1966 that they find out that the business was established."

■ The foregoing statements of the prosecuting attorney were made to refute the allegation of the defense to the effect that appellant Cruz Perdomo ignored that marihuana was cultivated on his property. Besides, said statements find support in appellant's own testimony to the effect that in 1959 some persons who went to offer him $15,000 for the property planted the marihuana making him believe that the plants they were sowing were of mammee and sapodilla and that the seeds were poppy seeds. Tr. Ev. 259, 261 to 272. The comments of the prosecuting attorney, then, are justified as inferences or deductions derived from the evidence presented, without going beyond the limits of standard established in *People* v. *Fournier*, 80 P.R.R. 376, 393–394 (1958).

In view of the foregoing, the judgment rendered by the trial court in this case will be affirmed.

Mr. Chief Justice did not participate herein.