UNITED STATES of America

v.

Jorge P. COLAMARCO, Defendant.

No. 70–CR–491.

United States District Court,
E. D. New York.

Dec. 24, 1970.

Edward R. Neaher, U. S. Atty., E. D. N. Y., for the United States; Guy L. Heinemann, Asst. U. S. Atty., of counsel.

Herbert S. Siegal, New York City, for defendant.

## MEMORANDUM–DECISION and ORDER

BARTELS, District Judge.

The question here presented is whether 26 U.S.C. § 7237(d) precludes this

court from sentencing a defendant under § 5010(b) of the Youth Corrections Act, 18 U.S.C. Chap. 402 ("Act").

Jorge P. Colamarco, a twenty-one year old defendant, pleaded guilty to an indictment charging him with the illegal importation of cocaine in violation of 21 U.S.C. §§ 173 and 174, which carries with it a mandatory penalty of not less than five or more than twenty years imprisonment plus a potential fine of not more than $20,000. However, upon violation of § 174, neither suspension of imposition or execution of sentence nor probation nor ordinary parole is available to the defendant. This prohibition appears in 26 U.S.C. § 7237(d), the pertinent portion of which reads as follows:

"Upon conviction—

(1) of any offense the penalty for which is provided in * * * subsection (c) * * * of section 2 of the Narcotic Drugs Import and Export Act, as amended [codified as 21 U.S.C. § 174] * * * the imposition or execution of sentence shall not be suspended, probation shall not be granted and in the case of a violation of a law relating to narcotic drugs, section 4202 of title 18, United States Code, and the Act of July 15, 1932 (47 Stat. 696; D.C.Code 24–201 and following), as amended, shall not apply."

There is no doubt that, under the express provisions of § 7237(d), the defendant cannot be sentenced under § 5010(a) of the Act, which authorizes suspension of imposition or execution of sentence or probation of a qualified youth offender. United States v. Lane, 284 F.2d 935 (9th Cir.1960); United States v. Gibbs, 285 F.2d 225 (9th Cir. 1960). The problem arises in connection with the application of § 5010(b) of the Act. In essence, this section, along with § 5017(c), authorizes the court to sentence a qualified youth offender to the custody of the Attorney General for

treatment and supervision under the Act and provides that the youth offender shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction. Thus, § 5010(b) provides special rehabilitative treatment coupled with an indeterminate commitment not to exceed four years, which it might be argued is a form of parole.

Notwithstanding the provisions of § 7237(d), the court finds that a sentence under § 5010(b) of the Act is permissible. The reason for this conclusion is that § 7237(d) does not in express terms render inapplicable all froms of parole or indeterminate sentences or the release provisions of the Act. In fact, the application of § 7237(d) is limited in this respect to two specific statutes, 18 U.S. C. § 4202 and D.C.Code 24–201 et seq.[1] We may disregard the latter statute because it is obviously inapplicable in this case. The pertinent portion of the former section reads as follows:

"A Federal prisoner, *other than a juvenile delinquent or a committed youth offender,* * * * serving a *definite term* * * * may be released on parole after serving one-third of such term or terms * * *." (Emphasis supplied.)

A "committed youth offender" does not fall within the purview of 18 U.S.C. § 4202 as one who may be released on parole after serving one-third of a definite term. The patent reason for this exception is that the Act provides for an indeterminate sentence and different conditions of release. A "committed youth offender" is defined in 18 U.S.C. § 5006(f) as "one committed for treatment hereunder to the custody of the Attorney General pursuant to section 5010(b) and 5010(c) of this chapter."

1. 47 Stat. 696; D.C.Code 24–201 et seq. (1932) provides for the establishment of a Board of Indeterminate Sentence and Parole and fixes the conditions under which indeterminate sentences may be imposed and parole may be granted with respect to prisoners convicted in the courts of and confined to penal institutions within the District of Columbia.

Hence § 7237(d) offers no impediment to the application of § 5010(b) to otherwise qualified youth offenders who have violated 21 U.S.C. § 174. *Accord,* United States v. Lane, *supra.*[2]

The enactment of 18 U.S.C. § 4209 two years after the enactment of § 7237(d) buttresses this conclusion. Section 4209 (together with § 7 of Pub.L. 85–752, 72 Stat. 845 (1958)) provides, in essence, that a "young adult offender", i. e., a defendant between the ages of 22 and 26 years at the time of conviction, may be sentenced under the Act *unless* the offense is one for which there is provided a mandatory penalty.[3] At that time no such limitation concerning mandatory penalties was enacted to foreclose the operation of § 5010(b) or (c) of the Act to youth offenders under the age of 22 years although Congress had before it the possible application of these sections to youth offenders over 22 years.[4]

If § 7237(d) precluded the application of the Act to all offenses for which a mandatory penalty had been provided, it would have been unnecessary and superfluous to enact the mandatory penalty proviso with respect to § 4209.

The court concludes that it had authority to sentence the defendant under § 5010(b) of the Act.

So ordered.

---

2. In 1964 Ninth Circuit Court Judge James M. Carter prepared several forms of adjudication for use in sentencing which were incorporated in the Papers Delivered at the Institute on Sentencing for United States District Judges at Denver, Colorado. 35 F.R.D. 381. In a note accompanying the form of sentencing pursuant to 18 U.S.C. § 5010(b), Judge Carter indicated his belief that although the section was not available for narcotic offenders in the 22–25 age group, citing United States v. Lane, *supra,* it was "available for narcotic offenders in 18–21 age group."

3. The same prohibition applies to 18 U.S.C. § 4208, which, *inter alia,* empowers the court, under certain circumstances, to make parole available at a time earlier than provided in 18 U.S.C. § 4202.

4. The court notes the Government's argument predicated upon House Report No. 2388, which accompanied H.R. 11619 (Vol. 2, U.S.Code Cong. & Admin.News, 1956, 84th Cong.2d Sess. pp. 3274, 3284–3285) [a portion of which was later codified as § 7237(d)], but since the statute is unambiguous, it is unnecessary to resort to its legislative history. See United States v. Lane, *supra;* United States v. Oregon, 366 U.S. 643, 81 S. Ct. 1278, 6 L.Ed.2d 575 (1961). On the other hand, the House Report itself is ambiguous because there is no basis to conclude that Congressional concern with the young narcotics violator necessarily included the youth offender under 22 years of age.