**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Anthony ESPOSITO, Defendant-
Appellee.**

No. 72–1825.

United States Court of Appeals,
Seventh Circuit.

Argued April 11, 1973.

Decided June 12, 1973.

Certiorari Denied Jan. 7, 1974.

See 94 S.Ct. 879.

James R. Thompson, U. S. Atty., William T. Huyck, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellant.

Thomas P. Sullivan, Chicago, Ill., for defendant-appellee.

Before SWYGERT, Chief Judge, KILEY, Circuit Judge, and BARNES, Senior Circuit Judge.*

SWYGERT, Chief Judge.

Defendant-appellee, Anthony Esposito was charged in a two count indictment with the possession and distribution of 206.5 milligrams of cocaine in violation of 21 U.S.C. § 841. Following a trial before a jury, he was found guilty on both counts. Esposito then moved for a new trial or, in the alternative, for an arrest of judgment on the ground that the Government had failed to prove any connection between the offense charged and interstate commerce. The district court denied the motion for a new trial but granted the motion for arrest of judgment, holding that the "offense of which this defendant stands convicted is not one against the federal government, or one which Congress has power to prohibit in the manner attempted by 21 U.S.C. § 841." The Government appeals.

I

The threshold question is one of appealability: Under the 1971 amendment to the Criminal Appeals Act, 18 U.S.C. § 3731, can the Government appeal from the district court's order?

Section 3731 provides:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

The government's right to appeal trial orders terminating criminal prosecutions is limited by § 3731 and the double jeopardy clause of the fifth amendment. The jeopardy clause stands as an absolute prohibition against government appeals where jeopardy is found to have attached. Although Congress has no power to expand the government's right to appeal beyond the prohibition of the jeopardy clause, it does have the power to further limit it.[1] That being true, the question of appealability in cases such as this is best approached by a two

---

* Senior Circuit Judge Stanley N. Barnes of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. Referring to the original Criminal Appeals Act of 1907, Act of March 2, 1907, c. 2564, 34 Stat. 1246, the majority in United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970), noted Congress' intent to "restrict" the Government's right to appeal in criminal cases to "enumerated circumstances":

In this regard, the legislative history reveals a strong current of congressional solicitude for the plight of a criminal defendant exposed to additional expense and anxiety by a government appeal and the incumbent possibility of multiple trials. Criminal appeals by the Government "always threaten to offend the policies behind the double-jeopardy prohibition," Will v. United States, supra, 389 U.S. at 96, [88 S.Ct. 269, at 274, 19 L.Ed.2d 305] even in circumstances where the Constitution itself does not bar retrial. Out of a collision between this policy concern, and the competing policy favoring review, Congress enacted a bill that fully satisfied neither the Government nor the bill's opponents. For the Criminal Appeals Act, thus born of compromise, manifested a congressional policy to provide review in certain instances but no less a congressional policy to restrict it to the enumerated circumstances. 399 U.S. at 298–299, 90 S.Ct. at 2134.

part inquiry. Initially the question is whether jeopardy in fact attached. If it did, the prosecution is at an end and no appeal is available to the Government; if it did not, the second inquiry, involving the interpretation of § 3731 and its application to the specific facts of the case, is required.

■ For jeopardy purposes the question to be decided is whether the trial court "bottomed" his order "on factual conclusions not found in the indictment" or "on the basis of evidence adduced at trial." United States v. Sisson, 399 U.S. 267, 288, 90 S.Ct. 2117, 2129, 26 L.Ed.2d 608 (1970). If the court's order "arresting judgment" is based upon evidence produced at trial, it is in the nature of an acquittal and is not appealable under the double jeopardy clause.

■ A review of the record here shows that the trial judge did not base his order on the evidence adduced at trial. Jeopardy did not, therefore, attach and this appeal is not constitutionally barred. The challenged order was limited to the court's conclusion that unless adequate connection between the conduct sought to be regulated and interstate commerce is alleged and proved, prosecution under the statute is an invalid exercise of federal power.[2] The court, in arriving at that conclusion, did not need to, and indeed did not, rely on the evidence produced by either party. The indictment contained a narrative of virtually every fact recited in the order[3]

---

2. The court's order, which deals in length with Congress' attempt to regulate cocaine without requiring proof of a connection with interstate commerce, summarizes:

The court finds and concludes that the offense of which this defendant stands convicted is not one against the Federal government or one which Congress has power to prohibit in the manner attempted by 21 U.S.C. § 841. The defendant's Motion in Arrest of Judgment is therefore granted.

3. The defendant's contention that the court's detailing of the amount and percentage of cocaine involved shows reliance on the evidence, and thus, jeopardy, does not convince us that this case is controlled by Sisson. In denying the Government the right to appeal the trial court's arrest of judgment in Sisson's trial for refusing induction, the Supreme Court stated:

The court below clearly went beyond the "face of the record" in reaching its decision. As noted earlier, the opinion explicitly relies upon the evidence, adduced at the trial, including demeanor evidence, for its findings that Sisson was "sincere" and that he was "as genuinely and profoundly governed by his conscience" as a religious conscientious objector. 399 U.S. at 283, 90 S.Ct. at 2126.

The trial court's use of the factual allegations of the indictment is considerably different in the instant case. Given the nature of the court's holding we are persuaded that the recitation of the facts was merely designed to provide a frame-

work for the decision on the constitutionality of the statute. As such, this case is more akin to United States v. Brewster, 408 U.S. 501, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972). There, the district court dismissed certain counts charging Senator Brewster with bribery on the theory that the speech and debate clause of the Constitution shielded the defendant from prosecution. The Government appealed and the defendant responded that jeopardy prohibited appeal because the trial judge had explicitly relied on the facts of the case. Despite the fact that the trial judge stated in his order, "based upon the facts of this case," the Supreme Court held the dismissal appealable:

Appellee contends that the statement "based on the facts of this case," used by the District Judge in announcing his decision, shows reliance on the Government's outline of its case. We read the District Judge's reference to "facts," in context, as a reference to the facts alleged in the indictment, and his ruling as holding that Members of Congress are totally immune from prosecution for accepting bribes for the performance of official, i. e., legislative, acts by virtue of the Speech or Debate Clause. Under that interpretation of § 201, it cannot be applied to a Member of Congress who accepts bribes that relate in any way to his office. We conclude, therefore, that the District Court was relying only on facts alleged in the indictment and that the dismissal of the indictment was based on a determination that the statute on which the indictment was drawn was invalid un-

and there was neither allegation nor proof of a connection with interstate commerce. Further, it is clear from the order that the court concluded that the fatal defect in the prosecution lay in the indictment's failure to state and the statute's failure to require a nexus with interstate commerce which would justify federal regulation. The fact that the prosecution failed to prove such a connection, though alluded to in the order, was of no significance to the actual basis for the decision. The order was neither based upon nor limited in application to the facts of the case. Appeal, therefore, is not barred by the double jeopardy clause of the fifth amendment.

The defendant also argues that this appeal is barred by the clear and unambiguous language of § 3731. We disagree.

■■■ The predecessor of the present Appeals Act, Pub.L. 90–351 (1968), contained express provisions that permitted appeals by the government from various trial court orders which "terminated" prosecutions, including "arrests of judgment." The present section contains no such provision. It is limited to dismissals of indictments. The Government argues that appeals are permissible under the present § 3731 from any order except an acquittal. The language of the statute, its legislative history, and the well established rule of construction that the Criminal Appeals Act is to be strictly construed against the Government, Will v. United States, 389 U.S. 90,

97, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967), all compel the rejection of that expansive interpretation.[4] Nevertheless, the fact that we read § 3731 as permitting appeals only from dismissals of indictments does not resolve the question that is presented here. Although the trial judge labelled his order an "arrest of judgment," it remains for us to determine whether that characterization is correct and, if so, whether an arrest of judgment under the circumstances of this case is equivalent to the dismissal of an indictment. We answer both questions in the affirmative.

■ The order in question was properly designated an arrest of judgment. As noted above, it was based exclusively upon allegations made in the indictment and was entered because of deficiencies in the charge against the defendant. As such, it was an "arrest of judgment" as that term was recently defined by the Supreme Court in *Sisson*.

In using that phrase [arrest of judgment] in the Criminal Appeals Act, Congress did not, of course, invent a new procedural classification. Instead, Congress acted against a common-law background that gave the statutory phrase a well-defined and limited meaning. An arrest of judgment was the technical term describing the act of a trial judge refusing to enter judgment on the verdict because of an error appearing on the face of the record that rendered the judgment invalid.

---

der the Speech or Debate Clause. As a consequence, this Court has jurisdiction to hear the appeal. 408 U.S. at 507, 92 S.Ct. at 2535.

The facts as they are set forth in the order appealed here were taken from the indictment and cannot be used as a vehicle to invoke jeopardy protections where the true gravamen of the decision is limited to the constitutionality of a particular criminal statute. *Cf.* United States v. Knox, 396 U.S. 77, 79, 90 S.Ct. 363, 24 L.Ed.2d 275 (1969).

4. The most logical interpretation of the legislative history of the present § 3731

is that Congress, while intending to eliminate the "technical" distinctions in pleading, sought to limit the Government's right to appeal cases in which the indictment had been dismissed. The bills initially proposed in both the House and Senate, H.R. 14588, 91st Cong., 1st Sess. (1969) and S. 3132, 91st Cong., 1st Sess. (1969), contained a provision for appeal from dismissals of indictments and any order "terminating a prosecution in favor of a defendant. . . ." The bill which was ultimately enacted, however, contained no such provision.

\* \* \* \* \* \*

For the purpose of this case the critical requirement is that a judgment can be arrested only on the basis of error appearing on the "face of the record," and not on the basis of proof offered at trial. 399 U.S. at 280–281, 90 S.Ct. at 2125.

Congress, in using the phrase in the former § 3731, defined it in a manner which would encompass the instant order. Senator Nelson of Wisconsin, one of the bill's sponsors, noted that "[t]he arrest of judgment . . . is not a general motion covering all the grounds on which a judgment may be arrested. It is simply for arrest of judgment because of the insufficiency of the indictment—that is, the failure of the indictment to charge a criminal offense." 41 Cong.Rec. 2756.

Not only was the instant order an arrest of judgment, it was tantamount to the dismissal of an indictment. It comes, therefore, within the meaning of "dismissal" as used in § 3731, and is appealable.

## II

Having decided that the Government may prosecute this appeal, we turn to the merits. The district court concluded that Congress had no power to regulate the use and distribution of cocaine without requiring proof in each prosecution of some connection with interstate commerce. We hold that it erred in so doing.

The arguments made by the defendant and accepted by the trial court have previously been rejected by both the Fifth and Sixth Circuits. United States v. Scales, 464 F.2d 371 (6th Cir. 1972); United States v. Lopez, 459 F.2d 949 (5th Cir. 1972). We concur in the reasoning of those cases and reject the conclusion of the district court in this case.

For this reason, the order of the district court is reversed and vacated and the cause is remanded for entry of judgment in accordance with the jury's verdict.