UNITED STATES of America,
Plaintiff-Appellant,

v.

Dennis M. SORENSON, Defendant-
Appellee.

No. 74–1068.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 17, 1974.

Decided Oct. 21, 1974.

Robert Henry Plaxico, Atty. U. S. Dept. of Justice, App. Section, Crim. Div., Washington, D. C., John O. Olson, U. S. Atty., Madison, Wis., for plaintiff-appellant.

Robert W. Aagaard, Madison, Wis., for defendant-appellee.

Before SPRECHER and TONE, Circuit Judges, and PERRY, Senior District Judge.*

SPRECHER, Circuit Judge.

The question here is whether the government can appeal the district court's granting of defendant's motion for judgment of acquittal following a jury's guilty verdict where the government failed to prove an essential element of the crime, which was judicially noticeable but not called to the court's attention.

I

The defendant, Dennis M. Sorenson, was indicted for wilfully and knowingly making a false statement in order to acquire a firearm from a licensed dealer, in that he denied that he had ever been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(a)(6), 924(a).[1]

Upon a trial before a jury the government introduced a Form 4473 (Firearms Transaction Record) signed by defendant and showing the negative response to the question of whether he had been convicted of a crime punishable by imprisonment for a term exceeding one year. The government also introduced a certificate of conviction and other documents showing that defendant was convicted in the Dane County, Wisconsin Court on July 3, 1968 of "aiding and abetting in a commission of a felony (burglary) in violation of [Wisconsin statutes] sections 943.10(1)(a) and 939.-05(1)," for which he was sentenced to

prison for a term of not more than one year. The government did not prove nor attempt to prove that a person convicted under the sections of the Wisconsin statutes described in the documents introduced in evidence could be sentenced to imprisonment for a term exceeding one year and for as long as not to exceed ten years.

When the government rested its case in chief and before the defendant commenced his defense, his counsel made several motions, to which the court responded:

I will reserve a ruling on the motion for the judgment of acquittal.

\* \* \* \* \* \*

However, it is an essential element of this case which the Government must prove that the defendant was on one occasion convicted of a crime punishable by a term of more than one year.

Despite the clear warning from the court, the government did not at that point seek to reopen its case, did not in its cross examination of the defendant elicit any proof of the potential punishment for defendant's prior crime, and offered no rebuttal evidence.

The court commented when later passing upon the defendant's motion for acquittal:

[N]o evidence was received that the crime for which the defendant had been convicted was punishable by imprisonment for a term exceeding one year. In truth, it is clear that at the time of defendant's earlier conviction of burglary, the Wisconsin Statutes did provide for punishment not to ex-

---

* Senior District Judge Joseph Sam Perry of the Northern District of Illinois is sitting by designation.

1. Section 922(a)(6) declares it unlawful to acquire a firearm by making a false written statement intended or likely to deceive a licensed dealer. Section 922(d)(1) provides in part that "[i]t shall be unlawful for any . . . licensed dealer . . . to sell . . . any firearm . . . to any person knowing or having reasonable cause to believe that such person . . . has been

convicted in any court of, a crime punishable by imprisonment for a term exceeding one year. . . ."

The indictment charged in part that the defendant "completed Department of Treasury Form 4473 (Firearms Transaction Record) and answered 'No' to the question pertaining to whether or not he had ever been convicted of a crime punishable by imprisonment for a term exceeding one year, wherein, in fact he had been so convicted and was represented by counsel when so convicted of such an offense. . . ."

ceed ten years. During the trial, the court was not requested to take judicial notice of the Wisconsin Statute providing for this maximum penalty; the court did not do so; the jury was not instructed that the court had taken judicial notice of this maximum penalty (which it had not).

During its deliberations, the jury submitted a note to the judge inquiring:

Could the sentence for either of the previous convictions for aiding and abetting in a commission of a felony (Burglary) have exceeded one year?

The judge answered:

You are instructed that I am not permitted to respond to this question. You must arrive at your verdict on the basis of the instructions I have given you.

The jury returned a verdict of guilty. The defendant moved "for an order granting a judgment of acquittal notwithstanding the verdict of the jury."

The court ordered that "[o]n the basis of the entire record herein, and for the reason that no evidence of an essential element of the offense was received at trial, the defendant's motion for a judgment of acquittal, made at the close of the government's case and renewed after verdict, is hereby granted . . . ."

The government appealed. The defendant has contended that the appeal should be dismissed because the double jeopardy clause bars an appeal by the government and in any event the Criminal Appeals Act, 18 U.S.C. § 3731 does not authorize an appeal from a judgment of acquittal.[2]

## II

In United States v. Ball, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896), the Supreme Court held that a "verdict of acquittal was final, and could not be reviewed . . . without putting [the defendant] twice in jeopardy, and thereby violating the constitution."

In Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962), the trial court had directed a verdict of acquittal while hearing the fourth government witness, on the ground of improper conduct by the prosecutor and lack of credibility in the prosecution witnesses who had testified up to that point. The Court of Appeals granted a writ of mandamus vacating the judgment of acquittal. The Supreme Court reversed on the basis of double jeopardy.

The petitioners were tried under a valid indictment in a federal court which had jurisdiction over them and over the subject matter. The trial did not terminate prior to the entry of judgment, as in Gori v. United States, 367 U.S. 364, [81 S.Ct. 1523, 6 L.Ed. 2d 901.] It terminated with the entry of a final judgment of acquittal as to each petitioner. The Court of Appeals thought, not without reason, that the acquittal was based upon an egregiously erroneous foundation. Nevertheless, "[t]he verdict of acquittal was final . . . . [Citing Ball.]"

369 U.S. at 143, 82 S.Ct. at 672.

In United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970), the defendant was found guilty by a jury of failing to submit to induction into the armed forces. The trial judge, in granting what he termed a motion in arrest of judgment, purported to find the indictment insufficient but also drew upon his evaluation of the defendant's demeanor on the stand. The Supreme Court concluded that "[t]he court below clearly went beyond the 'face of the record' [that is, the indictment] in reaching its decision" and "surely the

2. 18 U.S.C. § 3731 provides in part:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

indictment alleged the necessary elements of an offense." 399 U.S. at 283, 287, 90 S.Ct. at 2126, 2128. After cautioning that "[w]e, of course, intimate no view concerning the correctness of the legal theory by which the District Court evaluated the facts developed at the trial," the Court held that "this was not a decision arresting judgment" but "was in fact an acquittal." 399 U.S. at 270, 288, 90 S.Ct. at 2119, 2129.

■ Although the government can appeal even when a dismissal is by arrest of judgment after a guilty verdict,[3] a judgment for the defendant, however, denominated, is an acquittal, as held in *Sisson,* if the trial judge relies upon what occurred at the trial instead of confining himself to the indictment. The *Sisson* Court spelled this out in some detail.

> First, in this case it was the judge—not the jury—who made the factual determinations. This difference alone does not support a legal distinction, however, for judges, like juries, can acquit defendants, see Fed.Rule Crim. Proc. 29. Second, the judge in this case made his decision *after* the jury had brought in a verdict of guilty. Rules 29(b) and (c) of the Federal Rules of Criminal Procedure, however, expressly allow, a federal judge to acquit a criminal defendant after the jury "returns a verdict of guilty." And third, in this case the District Judge labeled his post-verdict opinion an arrest of judgment, not an acquittal. This characterization alone, however, neither confers jurisdiction on this Court, . . . nor makes the opinion any less dependent upon evidence adduced at the trial. In short, we see no distinction between what the court below did, and a post-verdict directed acquittal.

399 U.S. at 290, 90 S.Ct. at 2129.

In the present case the trial judge did the same things as the judge in *Sisson* with the exception that he labeled his post-verdict judgment "a judgment of acquittal." We have not been directed to any case nor have we found one where the reverse of *Sisson* was accomplished—that is, where an acquittal was held to be in fact an arrest of judgment. Indeed, the Court in *Sisson* pointed out that an arrest of judgment is based on error appearing on the face of the record, and not on the evidence offered at trial. 399 U.S. at 280–282, 90 S.Ct. 2117. Here the judgment was based on what occurred at trial and not on matter appearing on the face of the record. Therefore, under *Ball* and its progeny, the judgment of acquittal here is probably conclusive and means that the defendant has been placed in jeopardy.

However, inasmuch as *Sisson* and the earlier cases were handed down prior to the 1971 amendment to the Criminal Appeals Act and therefore decided in the context of the substantially different language existing at those times, it is prudent to go somewhat beyond those cases. The amended language reads simply that "[i]n a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment . . . except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution."[4]

A current analysis of the cases decided since the amendment attempts to reconcile them by "[d]efining acquittal as a disposition involving a favorable factual resolution. . . ." Note, Government Appeals of "Dismissals" in Criminal Cases, 87 Harv.L.Rev. 1822, 1841 (1974). This is as sound a test as any inasmuch as even though the amended statute appears to limit govern-

3. United States v. Green, 350 U.S. 415, 76 S.Ct. 522, 100 L.Ed. 494 (1956); United States v. Bramblett, 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594 (1955); United States v. Esposito, 492 F.2d 6 (7th Cir. 1973), cert.

denied, 414 U.S. 1135, 94 S.Ct. 879, 38 L. Ed.2d 760 (1974).

4. 18 U.S.C. § 3731. *See* note 2, *supra.*

ment appeals to dismissals of indictments, the cases before and since the amendment seem to convert any dismissal, however labeled, which is not an acquittal based on a factual resolution into a dismissal of the indictment and hence appealable. *Id.* at 1822–41.

In the present case the indictment included all the elements of the offense but the government failed to prove one of them—namely the requirement that the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In United States v. Esposito, 492 F.2d 6 (7th Cir. 1973), cert. denied, 414 U.S. 1135, 94 S.Ct. 879, 38 L.Ed.2d 760 (1974), we held that the granting of a motion in arrest of judgment was appealable in a drug possession case where "there was *neither allegation nor proof* of a connection with interstate commerce."

> Further, it is clear from the order that the court concluded that the fatal defect in the prosecution lay in the indictment's failure to state and the statute's failure to require a nexus with interstate commerce which would justify federal regulation. The fact that the prosecution failed to prove such a connection, though alluded to in the order, was of no significance to the actual basis for the decision. The order was neither based upon nor limited in application to the facts of the case. Appeal, therefore, is not barred by the double jeopardy clause of the fifth amendment.

492 F.2d at 9.

■ The "factual resolution" involved in the acquittal here was the failure of the government to prove all the elements of the offense. If the jury had acquitted the defendant for that reason there would be no issue of appealability. Under *Sisson* the fact that the judge rendered the acquittal does not alter the situation. In any event, the judge's action in the present case was not tied into the indictment in any manner.

The government has argued that the trial court was bound to take judicial notice of the missing element or that we can do so on appeal, citing United States v. McCormick, 309 F.2d 367 (7th Cir. 1962), cert. denied, 372 U.S. 911, 83 S. Ct. 724, 9 L.Ed.2d 719 (1963). In *McCormick* we affirmed a conviction after a bench trial. Therefore we had no occasion to consider the question of government appealability or double jeopardy.

■ Here the government did not request the court to take judicial notice, supplied the court with no information regarding the fact to be noticed, gave the defendant no opportunity to confront or rebut the fact to be noticed and submitted no instruction for the jury in regard to the fact to be noticed, and, indeed, the court gave none.

We think the better practice in this case would have been for the trial judge to take judicial notice *sua sponte* of the terms of the Wisconsin statute, about which there could not conceivably be any question. He was not, however, required to do so by the rules of evidence.[5] If he does not do so and then acquits the defendant, the judgment of acquittal means that jeopardy has attached. The government is not granted the right to appeal under 18 U.S.C. § 3731 under those circumstances. If there can be no

---

5. A bill currently being considered by Congress as rules of evidence for United States Courts provides that a court "shall" take judicial notice if requested by a party and supplied with the necessary information and in other situations "may" take judicial notice. H.R. 5463, Rep. No. 93–650, 93d Cong., 1st Sess., Rule 201(c) and (d). The proposed bill also provides that a party is entitled "to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." *Id.* Rule 201(e). Finally, "[i]n a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed." *Id.* Rule 201(g). *Cf.* Shapleigh v. Mier, 299 U.S. 468, 475, 57 S.Ct. 261, 81 L. Ed. 355 (1937).

appeal, we obviously have no jurisdiction to take our own judicial notice of the omitted fact.

The appeal is dismissed for lack of jurisdiction on the ground that the double jeopardy clause prohibits further prosecution.