**In re UNITED STATES of America, Petitioner.**

**No. 75–1459.**

United States Court of Appeals, First Circuit.

Submitted April 7, 1976.

Decided Aug. 18, 1976.

James N. Gabriel, U. S. Atty., and Richard E. Bachman, First Asst. U. S. Atty., Boston, Mass., on brief for petitioner.

Richard .M. Egbert, Boston, Mass., on brief for respondent.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

ON PETITION FOR MANDAMUS

McENTEE, Circuit Judge.

On July 22, 1975, defendants Francis Spencer Rossi and Kevin Trainor were convicted by a jury on all counts of a three count indictment. Count I of the indictment charged both men with robbery of the Community National Bank in Newton, Massachusetts in violation of 18 U.S.C. § 2113(a); Count II charged that in committing the robbery the defendants assaulted and put in jeopardy various employees of the bank by the use of dangerous weapons in violation of § 2113(d); and Count III charged that the defendants, "in attempting to avoid apprehension for the commission of said offense . . . force[d] other persons to accompany [them] without the consent of such persons" in violation of § 2113(e). The district court, though allowing the verdicts to stand on all three counts, only imposed sentence on Count III.[1] The

---

1. The court took this action in light of its uncertainty as to whether §§ 2113(d) and (e) em-

body separate offenses. Although the court interpreted our opinion in *O'Clair v. United*

government thereupon petitioned this court for a writ of mandamus [2] directing the trial judge to sentence both defendants on Count II of the indictment on the ground that § 2113(d) and § 2113(e) embody separate offenses for which separate sentences are warranted.[3]

Before we can reach the substantive issue, we must confront the question of jurisdiction. Respondents claim that mandamus is not available in the present case. Specifically, they contend that the government's exclusive rights of appeal in a criminal case are set forth in 18 U.S.C. § 3731 (1970); that the trial court's imposition of sentence on only one count in the present case is not an appealable order under the statute; and

that the government may not achieve indirectly through the use of mandamus what it could not effect through a direct appeal.[4]

We are not persuaded, however, that this line of argument is entirely apposite. Title 18 U.S.C. § 3731 (1970) (as amended by Pub.L. 91–644, Tit. III § 14(a), 84 Stat. 1890 (Jan. 2, 1971)) permits the government to appeal in a criminal case "from a decision, judgment, or order of a district court dismissing an indictment . . . as to any one or more counts . . . ," except as barred by the double jeopardy clause. *See* Conference Report, 1970 U.S.Code Cong. & Adm.News at p. 5848; *United States v. Southern Ry. Co.,* 485 F.2d 309, 312 (4th Cir. 1973). We note that "[t]he judgment of a

---

*States,* 470 F.2d 1199 (1st Cir. 1972), *cert. denied,* 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973) as holding that a single bank robbery could only result in one conviction and sentence—a view we reject, *see* discussion *infra*—the court submitted all counts to the jury in accordance with the procedure suggested in *O'Clair.* 470 F.2d at 1204. *See United States v. Eatherton,* 519 F.2d 603, 612 (1st Cir.), *cert. denied,* 423 U.S. 987, 96 S.Ct. 396, 46 L.Ed.2d 304 (1975). After the trial the court ordered the guilty verdicts to be recorded, and set the cases down for sentencing on the § 2113(e) offense (Count III) alone, stating that "no judgment [was] to be entered on counts 1 and 2 pending further order of the Court."

The court set forth the reasons for its action in a memorandum and order, explaining that by "letting the verdict stand . . . [it was] protecting the defendant from multiple judgments without requiring the retrial of matters properly and fully tried to conclusion in the event that the conviction of the more serious count alone is reversed on appeal or otherwise set aside. In such event, the case may be remanded for entry of judgment and sentence without the necessity of a retrial."

Through inadvertence, however, when defendant Trainor came up for sentencing on September 18, 1975, the court imposed a sentence of seven years imprisonment on Count I; eight years on Count II; and ten years on Count III, all sentences to run concurrently. On October 7, 1975, defendant Rossi was sentenced to eighteen years imprisonment on Count III; no sentence was imposed on either of the other two counts although the United States Attorney asked the court to impose a sentence on Count II. Also on that date the court requested that the United States Attorney move to correct the sentence imposed on defendant Trainor. The government filed a

motion requesting vacation of Trainor's sentence on Count I only. On October 10 the court vacated Trainor's sentences on both Counts I and II and issued a corrected order of judgment and commitment imposing a 10 year sentence on Count III alone. On October 29, 1975, the court entered a similar order for defendant Rossi reflecting a conviction on Count III only.

2. In the government's view the writ is warranted because the instant case presents "exceptional circumstances amounting to a judicial 'usurpation of power.'" *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 272, 19 L.Ed.2d 305 (1967). The government, believing that the district court's "refusal to impose sentence is not an appealable order under . . . 18 U.S.C. § 3731"—a view we reject under the circumstances of this case—did not follow the probably preferable course of proceeding in the alternative to file notice of appeal. *See, e. g., United States v. Gibbs,* 285 F.2d 225, 226 (9th Cir. 1960); *United States v. Lane,* 284 F.2d 935, 937 (9th Cir. 1960).

3. The government concedes that only one sentence can be imposed under Counts I and II. *See O'Clair v. United States, supra.*

4. This case was originally scheduled for review in January, 1976. However, because respondent Rossi had filed an appeal from his conviction that was to be heard in May and because a reversal of the § 2113(e) conviction on that appeal would render moot the issue raised in the government's petition for mandamus, we consolidated both matters for hearing at that time. Subsequently, respondent Rossi withdrew his substantive appeal, and we therefore proceeded to consider the mandamus petition alone.

court is the judicial determination *or sentence* of the court upon a matter within its jurisdiction." *United States v. Hark,* 320 U.S. 531, 534, 64 S.Ct. 359, 361, 88 L.Ed. 290 (1944). (Emphasis added.) In the instant case the district court ordered the jury's verdicts of guilty on three counts to be recorded, but imposed sentence only on Count III. The court based its decision to sentence on a single count solely on an interpretation of § 2113 in light of its understanding of *O'Clair v. United States,* 470 F.2d 1199 (1st Cir. 1972), *cert. denied,* 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973).[5] This is not a situation where the "decision was in fact an acquittal rendered by the trial court after the jury's verdict of guilty." *United States v. Sisson,* 399 U.S. 267, 288, 90 S.Ct. 2117, 2128, 26 L.Ed.2d 608 (1970). Rather, "[a] review of the record here shows that the trial judge did not base his order on the evidence adduced at trial," *United States v. Esposito,* 492 F.2d 6, 8 (7th Cir.), *cert. denied,* 414 U.S. 1135, 94 S.Ct. 879, 38 L.Ed.2d 760 (1974), but solely on the factual circumstances and violations set forth in the indictment itself. In this situation the court's decision was "tantamount to the dismissal [of a count] of an indictment," *United States v. Esposito, supra* at 10, and the order was therefore appealable under the terms of § 3731. *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). *See United States v. DiStefano,* 464 F.2d 845, 846–47 (2d Cir. 1972); *United States v. Esposito, supra* at 8. Indeed, we note that in *Wilson* where the district court dismissed the indictment after the jury had already found the defendant

guilty, the Supreme Court specifically held that the government was entitled to appeal. The *Wilson* Court noted that since, as in the instant case, the jury had already rendered a verdict and there was "[no] danger of subjecting the defendant[s] to a second trial for the same offense," 420 U.S. at 336, 95 S.Ct. at 1018, "the Double Jeopardy Clause [was] not offended" and posed no bar to an appeal. *Id.* at 344, 95 S.Ct. at 1022.

The government, however, did not appeal the district court's action, *see* n.2 *supra,* nor did it lodge its mandamus petition with sufficient promptness to be deemable as the equivalent of an appeal.[6] And while this case might be one in which mandamus could nevertheless be exercised, *see* Note, 86 Harv.L.Rev. 595 (1973); *Will v. United States,* 389 U.S. 90, 95 n.4, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967)—a question we do not decide—we here decline to expand the applicability of mandamus, particularly in light of the strong policy grounds favoring restriction on its use in criminal cases. *Id.* at 96–98, 88 S.Ct. 269; *cf. In re Ellsberg,* 446 F.2d 954, 956–57 (1st Cir. 1971). This does not necessarily mean that there can be no review on the merits of the substantive issue in this case. In view of the fact that the respondents did not appeal their convictions, *see* n.4 *supra,* we would now expect the district court to dismiss the convictions under the two counts on which it declined to impose sentence. *Cf. United States v. Honneus,* 508 F.2d 566, 570 & n.1 (1st Cir. 1974), *cert. denied,* 421 U.S. 948, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975); *United States v. Eatherton, supra* at 612. The govern-

---

5. Indeed, as respondents acknowledge, the district court made clear prior to trial that it would only impose sentence on the most serious count in the event of a conviction on more than one count. The court based its decision solely on *O'Clair* and on a legal analysis of the elements of the various offenses set forth in § 2113, as the pertinent portion of the court's memorandum and order indicates: "While [§ 2113](d) and (e) each incorporate all of the provisions of (a), (e) does not incorporate (d). The use of a dangerous weapon, and jeopardizing the lives of others, which is the essential aggravating circumstance under subsection (d), is not an essential element of the crime charged

in subsection (e). . . . The Court of Appeals has clearly stated that, in any case, a single bank robbery can only result in one conviction and sentence. *O'Clair v. United States, supra.* The Court did not have before it charges under both (d) and (e), which possibly admit of a different result, but for present purposes I accept the Court's statement as categorical."

6. The district court's corrected order of judgment and commitment was entered on October 29, 1975, and the government's petition for writ of mandamus was instituted on December 2, 1975. *See* Fed.R.App.P. 4(b).

**24**

ment would then be in position to take a timely appeal from such an order.

*The petition for writ of mandamus is denied.*