**UNITED STATES of America, Plaintiff,**

v.

**Joe Nathan SPARKS, Jr., Defendant-Movant.**

**No. 82–2074C(C).**

United States District Court, E.D. Missouri, E.D.

Jan. 12, 1983.

Henry Fredericks, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

Joe Nathan Sparks, Jr., pro se.

## MEMORANDUM

MEREDITH, District Judge.

This matter is before the Court upon defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant requests an evidentiary hearing on the merits of his motion. For the reasons set forth below, defendant's motion will be denied.

Defendant was first indicted on March 31, 1982. This indictment was replaced by an information under Case No. S1–82–82–CR(C) because of a typographical error in the indictment. On September 17, 1982, defendant entered a plea of guilty to counts I and III of the information.[1] Counts I and

---

1. Defendant initially entered a plea of guilty to Counts I and III of the information on May 20, 1982, at which time he was represented by

Beth S. Brush, attorney at law. Subsequently, defendant complained to this Court that he was not afforded competent counsel. This Court

III of the information charged defendant with violating 18 U.S.C. § 1202(a)(1) (Appendix) and 26 U.S.C. § 5861(d). Defendant was sentenced to imprisonment for a period of 10 years on Count III of the information. Imposition of sentence on Count I was suspended, with defendant to be placed on probation for a period of 5 years at the conclusion of his sentence on Count III. Defendant did not appeal from the judgment and sentence.

Defendant's present motion, filed pursuant to 28 U.S.C. § 2255, states four grounds for relief. Defendant argues that 1) he was subjected to double jeopardy; 2) the Court lacked jurisdiction to entertain a guilty plea without an indictment; 3) the indictment was insufficient on its face to sustain a conviction; and 4) his guilty plea was not voluntarily entered. The Court will examine each of defendant's contentions in turn.

■ Defendant argues initially that he was subjected to double jeopardy because he "was convicted in state court on the same offenses alleged in the attacked indictment." This argument is without merit. The federal constitution recognizes multiple sovereigns with separate and distinct rights, responsibilities and authority. A single act often violates both state and federal laws. The double jeopardy clause does not prohibit prosecution by a state merely because the accused has been convicted or acquitted of the identical offense by a federal court, or vice versa. *Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *United States v. Brown,* 604 F.2d 557 (8th Cir.1979).

■ Defendant argues as his second ground for relief that he was not prosecuted against by indictment as required by Rule 7(a), Fed.R.Crim.P. and that there was no valid waiver as permitted by Rule 7(b), Fed.R.Crim.P. Defendant contends that "[t]here could be no waiver of a right which is unknown to a defendant." The record belies defendant's contention that he did not knowingly waive his right to prosecution by indictment.

The transcript reflects compliance with Rule 7(b) of the Fed.R.Crim.P. in that defendant was advised of the nature of the charges against him, the penalties involved, and of his right to be prosecuted by indictment. Defendant was asked if he understood that the information could not be filed without his permission and he replied that he did. Finally, defendant waived his right to prosecution by indictment in open court and signed a waiver indicating same. The Court is satisfied that defendant knowingly, voluntarily and understandingly waived his right to prosecution by indictment. *See Beardslee v. United States,* 541 F.2d 705 (8th Cir.1976).

■ Defendant also attacks his conviction on the ground that the indictment was insufficient because it failed to include all of the elements of the offenses, i.e., that "defendant had been convicted of a crime punishable by imprisonment for a term 'exceeding one year'." This argument is without merit. Neither statute contains such a requirement. Moreover, the information to which defendant entered a plea of guilty tracked the language of the statutes involved and fully informed defendant of the nature of the charges against him. The government is not required to allege in the information and indictment that which is not set out in the statute.[2]

■ Defendant's final ground for relief is that his plea of guilty was not voluntarily entered and there was no factual basis for

---

appointed Michael E. Kohn, attorney at law, to represent defendant. The plea of guilty to Counts I and III entered on May 20, 1982 was set aside, and on September 17, 1982 defendant entered a plea of guilty to Counts I and III to the information while represented by Michael Kohn.

**2.** The cases cited by defendant are inapposite. Those cases involved convictions under a stat-

ute requiring prior conviction of a crime punishable by imprisonment for more than one year. *See* 18 U.S.C. §§ 922(a), (b) and 924(a). Moreover, the issue was proof of the prior conviction, not the allegation of it in the indictment. *United States v. Sorenson,* 504 F.2d 406 (7th Cir.1974); *United States v. Barrett,* 504 F.2d 629 (6th Cir.1974), *aff'd,* 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976).

**360**

the plea because the indictment had been suppressed. In particular, defendant contends that he does not understand the law and didn't understand that he had the right to have any illegally seized evidence suppressed or to call witnesses for his defense. Again, the record belies both contentions.

The record indicates that the defendant was informed of the nature of the charges against him, the range of penalties to which he could be subjected, and the rights he would waive by pleading guilty. Defendant indicated repeatedly that he understood the charges, the penalties and the legal rights he would waive by pleading guilty. Finally, the Court asked the defendant if his plea was voluntarily made and if there had been any threats, promises or plea bargains made in order to induce his guilty plea. The defendant replied that his plea was voluntary. Under these circumstances, the Court is convinced that the plea was knowingly and voluntarily made. *See Lindner v. Wyrick,* 644 F.2d 724, 728–29 (8th Cir.), *cert. denied,* 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981).

The record also indicates that an adequate factual basis for the plea existed. The Court questioned defendant as to each element of the offenses to which defendant pleaded guilty and the defendant answered that he performed each such act. The Court had sufficient information before it to find that there was an adequate factual basis to support defendant's plea of guilty. *See Benson v. United States,* 552 F.2d 223, 225 (8th Cir.), *cert. denied,* 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977).

In summary, defendant's motion to vacate, set aside or correct his sentence does not allege material facts which cannot be resolved by reference to the record of this case. The files and record in this case conclusively establish that defendant is entitled to no relief. Accordingly, defendant's motion will be denied without hearing.