785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
QUAN MUWWAKKIL, Plaintiff-Appellant
v.
HERBERT A. ADRINE, ESQ.; JOHN F. LENARD, ESQ.; VANESS LEE;
ELIZABETH ANDREA MUWWAKKIL, Defendants-Appellees.
 85-3039
 United States Court of Appeals, Sixth Circuit.
 1/8/86
 ORDER
 
 1
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; and PORTER, Senior District Judge.*
 
 
 2
 This matter is before the Court for consideration of plaintiff's motions for appointment of counsel, to proceed in forma pauperis and his appeal from the district court's order dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of the motions, plaintiff's informal brief and the certified record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff, seeking damages, filed a civil rights complaint under 42 U.S.C. Sec. 1983 alleging that defendants conspired to deprive him of his alleged parental right to custody of his children. The district court summarily dismissed the complaint as frivolous. In response, plaintiff moved for relief from judgment. The motion was denied. Plaintiff then moved for a certificate of probable cause and filed a notice of appeal. The certificate was denied. This Court dismissed the appeal for want of prosecution. Plaintiff moved for reconsideration, and the appeal was reinstated.
 
 
 4
 Upon consideration of plaintiff's motions and documents submitted in support of the appeal, including the certified record, this court finds that plaintiff's appeal lacks merit. Plaintiff attempts to bring a domestic relations matter within the scope of federal jurisdiction by asserting general, factually unsupported allegations that defendants, under color of law, conspired to violate his constitutional rights.
 
 
 5
 The core of this matter is domestic in nature and must be determined initially by the Ohio state courts. See Ferguson v. United States, 329 F.2d 923 (6th Cir. 1964); Mendez v. Heller, 530 F.2d 457 (6th Cir. 1976). Section 1983 cannot be used as a catchall for suits to be brought in federal court which are traditionally within the exclusive jurisdiction of state courts. See Paul v. Davis, 424 U.S. 693 (1976); Ryan v. Aurora City Board of Education, 540 F.2d 22 (6th Cir. 1976), cert. denied, 429 U.S. 1041 (1977); Tonti v. Petropoulous, 565 F.2d 212 (6th Cir. 1981). The Ohio courts have not had an opportunity to make any determinations in relation to this matter.
 
 
 6
 We note also that while summary dismissals are generally disfavored in such cases, Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), summary dismissal of complaints found to be 'frivolous' under 28 U.S.C. Sec. 1915(d) are appropriate, Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985). For the reasons noted above, the district court properly found plaintiff's claims to be frivolous under these circumstances.
 
 
 7
 It is ORDERED that plaintiff's motion to proceed in forma pauperis is granted and the motion for appointment of counsel be and hereby is denied and the district court's decision affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David S. Porter, Senior District Judge for the Southern District of Ohio, sitting by designation