927 F.2d 607
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Luis ROSADO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3374.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1991.*
Decided March 5, 1991.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 89 C 7446, Ann Claire Williams, Judge.
 N.D.Ill.
 AFFIRMED.
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Luis Rosado pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846, and two counts of knowingly and intentionally distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1). After a bench trial, Rosado was convicted on one count of carrying a firearm during the commission of a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1). The district court sentenced Rosado to consecutive five-year prison terms to be followed by a five-year term of probation. This court affirmed Rosado's conviction for carrying a firearm in United States v. Rosado, 866 F.2d 967 (7th Cir.1989). This is an appeal from the district court's denial of Rosado's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. Sec. 2255 in which he contended that the federal government did not own the land on which he was arrested and therefore lacked jurisdiction to arrest him and bring him to trial. Rosado renews this argument on appeal.
 
 
 2
 As the district court correctly noted, federal jurisdiction does not depend on the location of a defendant's arrest, but is based on the nature or class of the offense. See Perez v. United States, 402 U.S. 146, 154 (1971) (courts are to focus on nature or class of activities in determining whether legislation is within reach of federal power under Commerce Clause); United States v. Davis, 561 F.2d 1014, 1019-20 & nn. 11-12 (D.C.Cir.) (rejecting argument that Congress lacked power to proscribe purely intrastate possession of drugs under 21 U.S.C. Sec. 841(a) and collecting cases), cert. denied, 434 U.S. 929 (1977); accord United States v. Esposito, 492 F.2d 6, 10 (7th Cir.1973), cert. denied, 414 U.S. 1135 (1974). Rosado's arrest and prosecution were within the jurisdiction of the federal authorities. Rosado was properly prosecuted and sentenced in the federal system.
 
 The judgment of the district court is
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court int his case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record