STATE OF NEW JERSEY v. FREDERICK HART.

Argued June 1, 1915—Decided November 5, 1915.

Where a trial judge has directed the jury to find a verdict for the defendant, and the jury, in accordance therewith, finds the defendant not guilty, the state is not entitled to a bill of exceptions or to a review by writ of error of an error in law by the trial judge, in the absence of any statute authorizing such procedure.

On writ of error.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiff, *Martin P. Devlin.*

For the defendant, *William J. Crossley.*

The opinion of the court was delivered by

SWAYZE, J. This case presents the question that was expressly reserved by the Court of Errors and Appeals in *Meyer v. State,* 65 *N. J. L.* 233 (at *p.* 237), whether after such an acquittal as will protect the defendant from being tried again, the state may prosecute a writ of error in order to correct a misconstruction of law. The trial judge directed a verdict for the defendant and the record shows that the jury in accordance with that direction found the defendant not guilty. No judgment was entered upon the verdict and in strictness this writ of error might be dismissed for that reason. But in view of the laxity in the practice spoken of by Chief Justice Green in *West v. State,* 22 *Id.* 231, and of the fact that the question was not raised at the argument, we pass it with the mere remark that it would be better to enter the judgment in proper form. This may hereafter become important if our legislature should ever pass an act like the act of congress of 1907 permitting the state to sue

out a writ of error except in cases where there has been a verdict in favor of the defendant (*United States* v. *Keitel,* 211 *U. S.* 370, 398), and may become important even under our present legislation where a conviction has been reversed because of a fatal defect in the indictment, and a new indictment is subsequently found as in *United States* v. *Ball,* 163 *Id.* 662. The form of judgment in case of acquittal on the merits is given in 1 *Chit. Cr. L.* *718, *719, and the importance of having a judgment distinguishing between such an acquittal and a discharge resulting from a defective indictment is sufficiently stated.

It was held in West *v.* State to be the better opinion that it is not necessary in a criminal case to sustain a plea of *autrefois acquit,* that judgment should be rendered on the former verdict. The reason is that the verdict itself constitutes the bar. Our constitution provides (article 1, paragraph 10) that no person shall, after acquittal, be tried for the same offence. The point made by the state is that an acquittal brought about by an error of the trial judge is not a legal acquittal and therefore not within the meaning of the constitution. That there are arguments of great weight on both sides of this question is shown by the difference of opinion that arose in the Supreme Court of the United States on a writ of error to the Supreme Court of the Philippine Islands involving the construction of a somewhat similar provision in the act for the civil government of the Philippines. *Kepner* v. *United States,* 195 *U. S.* 100. We express no opinion on the constitutional question, since this case can be decided on a much narrower ground. In order to secure a review of a trial error, the state must be able to have a bill of exceptions and a writ of error to remove the case to this court. In *Meyer* v. *State,* 65 *N. J. L.* 233, it was decided that the statute provided for such a writ from the Court of Errors and Appeals to the Supreme Court. No statute exists allowing a writ of error from the Supreme Court to the Oyer and Terminer or the Quarter Sessions. It is true that the reasoning of the opinion is that in the absence of such a statute, a writ of error would lie in certain cases under

the English practice, but none of those cases were cases of a writ of error sued out after an acquittal and the court was careful to say that that question need not be and had not been considered. This is the more noteworthy since the careful judge who spoke for the court must have been aware of the decision of the United States Supreme Court a little more than eight years before in which Mr. Justice Gray reviewed the cases with his usual thoroughness which leaves nothing to be added, and reached the conclusion that a writ of error would not lie in behalf of the United States, since the federal statutes did not expressly authorize it. *United States* v. *Sanges,* 144 *U. S.* 310. The weight of this case as an authority with us is of course weakened by the fact that we have the inherent jurisdiction formerly exercised by the King's Bench, and do not depend upon statutory provisions alone. We must therefore be guided by the English common law practice. Justice Gray cites cases from other states supporting the view that a writ of error did not lie in favor of the Crown after an acquittal on the merits. We are referred to no case holding the contrary. Archbold says there is no instance of error being brought upon a judgment for a defendant after acquittal. 1 *Arch. Cr. Pr. & Pl.* *199. He cites Coke as his authority. 3 *Inst.* 214 (the citation from Bacon's abridgment is merely a repetition of Coke). Coke says that no writ of error needeth to be brought by the king, but the offender may be newly indicted; the reason he gives is that the judgment in favor of the defendant is that he go without day which may be given as well for the insufficiency of the indictment as for the party's innocency, or not guiltiness of the offence. Clearly Coke's remark that no writ of error needeth to be brought by the king applies only to cases where a new indictment could be sustained. That would be impossible when the defendant could plead the former acquittal in bar; the king would need a writ of error to get rid of that judgment, and Coke's statement evidently means what Archbold says. If we look beyond the ancient English practice, we find that in the practice of our own state, without question or exception as far as we

know, it has been taken for granted by bench and bar that the state was not entitled to a bill of exceptions or to a review by writ of error of an error in law by the trial judge. Cautious trial judges have always resolved doubtful questions in favor of the state, in order that there might be a review that otherwise could not be had.

For these reasons we think the present writ should be dismissed.