STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. RAY-
MOND J. DWYER, PLAINTIFF IN ERROR.

Argued January 17, 1943—Decided May 21, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PORTER.

For the defendant in error, *Arthur C. Dunn,* Prosecutor of
the Pleas (*Peter J. McGinnis,* Assistant Prosecutor, of
counsel).

For the plaintiff in error, *Louis C. Friedman* (*John
Drewen,* of counsel).

BROGAN, CHIEF JUSTICE. Plaintiff in error, Raymond J.
Dwyer, was convicted of conspiracy in the Passaic County
Quarter Sessions. With him were indicted one Joseph G. Spro-
viere and three others of unknown names, designated as John
Doe, Richard Roe and Jane Doe. The case against Sproviere
was dismissed at the end of the state's case for lack of proof.
The appeal is before us on assigned errors and also for general
review under the statute, *N. J. S. A.* 2:195-16, under which
by the intendment of the statute the entire record of the
proceedings had upon the trial should be returned by the
plaintiff in error, certified by the trial court, together with
the writ of error and the bill of exceptions.

The assignments of error, twelve in number, are argued under seven separate points. There is an eighth point which must have our attention and decision before any of the assigned errors may be considered. That point has to do with whether the plaintiff in error shall have the benefit of a general review on this appeal in view of the fact that the entire record of the proceedings had upon the trial was not returned with the writ of error. At least one-half, perhaps more—we have no way of knowing—of the stenographic transcript of the proceedings of the trial is missing.

Four days were required to try the case, beginning on June 15th, 1942. The trial judge has certified such part of the proceedings had upon the trial as appears in the state of case now before us and in his certificate states he is unable "to certify the entire record of the proceedings * * * because the official stenographic record of said proceedings * * * are not complete, inasmuch, as I am informed and verily believe, the original stenographic notes were stolen from my chambers between November 12th and 18th, 1942, during the time that they were being reduced to typewriting by said stenographer." And an affidavit of the stenographer, Mr. Turner, states that he had started on the task of transcribing his notes and "had about one-third of said trial record of the case transcribed" when he ascertained that all of the stenographic notes were stolen from the library table in the chambers of Judge Davidson who presided at the trial of the case; that he does not know who stole these records and the fact that they were stolen accounts for his inability to transcribe the entire record of the proceedings had at the trial in the case of State v. Dwyer et al., and that the theft occurred some time between November 12th and 18th, 1942.

In the record before us then there is a transcript of the proceedings and the testimony of the witnesses for the first trial day. Certain minutes of the trial court (i. e., the judge's pencil notes of the trial as it progressed) indicate that two additional witnesses were heard on the second day and that one witness, Joseph Bozzo, who had testified on the previous day, was recalled to the witness stand. The memoranda of the judge reveal that eight other witnesses called by the state

also testified on the second day; that on the third day Bozzo was again recalled and one other witness for the state; and that on the fourth day four witnesses testified on behalf of the defendants and three for the state in rebuttal. Thereupon the case was closed.

The basis of the indictment is the publication and distribution of an alleged defamatory photograph with printed comment that was published and circulated in an election contest in the City of Paterson. The photograph was a picture of William Furrey, a candidate for the office of mayor, and Joseph Bozzo. The picture and the subjoined printed matter were intended to injure Mr. Furrey as a candidate for office. It is said in the state's brief that the photograph was a "counterfeited representation" and that three expert witnesses had so characterized it. The testimony of these three witnesses does not appear in the state of case before us. This evidence is of manifest importance as well as that of the other witnesses produced by the state. The testimony of the witnesses produced by the defendant is of equal importance and the cross-examination of all of them.

It is further said that the writ of error was sued out on June 16th, 1942 (a manifest error, June 26th was intended), and that the sum of $300 was deposited with the stenographer on August 24th. A motion in this matter was argued before us at the October term of the Supreme Court (1942), the application being to dismiss the writ of error for failure of diligence. This motion was denied and a counter-motion for continuance granted. At that time it was represented to us that the transcript was ordered July 21st, 1942, and the deposit to cover the cost of same advanced to the stenographer on August 25th, but that the stenographer had not yet turned out the record.

There is no provision in our statutes comprehending the contingency of the loss in whole or in part of the "entire record of the proceeding had upon the trial" or its spoliation. Recourse to the common law supplies no aid in this inquiry because at the common law error was assignable only on the strict record. A bill of exceptions was not otherwise allowable. That right, to have a bill of exceptions for trial errors,

was bestowed by statute and on the defendant only, never on the state. See *State* v. *Hart,* 88 *N. J. L.* 48; 95 *Atl. Rep.* 756; *affirmed,* 90 *N. J. L.* 261; 101 *Atl. Rep.* 278. This trend of privilege to the accused, beneficent in character, must be strictly construed and by the statute, *supra,* relied on by the plaintiff in error for general review on appeal, it will be noticed that the entire record of the proceedings had upon the trial *may* be returned by the plaintiff in error therein with the writ of error, &c. The language of the statute imports the conferring of a privilege upon the convicted person and it seems to us to be his duty to bring up the entire record if he wishes to have its benefits and that it is his burden to see to it that it is presented to the appellate court.

In this case, as we have seen, the trial was concluded on June 18th, 1942, and sentence was imposed on June 26th, 1942. This then is the date of the final judgment. The writ of error was prepared and tested on that date. Our statute, *R. S.* 2:195-12, requires that appeals of this character be brought on for the next ensuing term of court, in this instance October, 1942. The minutes were not ordered from the stenographer until July 21st, 1942. The plaintiff in error disregarded the statute in this particular (*Cf. R. S.* 2:195-21). His duty, if he sought general review under *R. S.* 2:195-16, was to apply, in writing, to the stenographer sitting in the court where the testimony was taken for a copy of the transcript of the evidence, within ten days after suing out the writ of error. (See, also, Supreme Court rules 162-a and 162-b.) He waited twenty-five days before ordering the transcript and advanced no payment for the transcript until towards the end of August. The case was not brought on at the next term of court (October term) nor were these facts brought to our attention when we granted the motion to continue the case. It was not until four months after the transcript was ordered that the stenographer's notes were stolen.

To conclude: As the state of case before us now stands, it is impossible for us to determine whether some of the assigned errors have any legal merit and, of course, we cannot examine the whole case to ascertain if any manifest wrong

or injury was visited on the defendant during the course of the trial. We should not undertake to determine the merits of this appeal piecemeal and we shall not do so. Perhaps the missing testimony can be supplied either by stipulation or by a settling by the trial court of what was said by the several witnesses. We withhold judgment therefore and meanwhile, on application, will allow *certiorari* to afford plaintiff in error opportunity to initiate an inquiry, by deposition, concerning the missing transcript and to show that he is not connected with its disappearance or spoliation. We call attention to the fact that several exhibits, not said to have been lost or destroyed, are not in the state of case and they should be.

If the cause is to be determined on the state of case as it now stands it can be considered only on strict error and the several assignments will have to stand or fall, in so far as they depend on the record of the proceedings had on the trial, on such record with all its infirmities. Judgment is withheld therefore until the plaintiff in error as prosecutor in *certiorari* shall have opportunity to supplement this record or to demonstrate the impossibility of so doing.

The application for writ of *certiorari,* if made, must be made by June 1st, 1943. The writ and the proceedings thereunder should be made returnable before Part I of the Supreme Court at the October term. If writ is not sought we shall determine this case on strict bill of exceptions.