**UNITED STATES of America,
Appellant,**

v.

**George J. WILSON, Jr.**

**No. 73–1444.**

United States Court of Appeals,
Third Circuit.

Argued Sept. 17, 1973.

Decided Sept. 21, 1973.

Rehearing Denied Jan. 15, 1974.

Certiorari Granted May 28, 1974.
See 94 S.Ct. 2603.

**1346**

Robert E. J. Curran, U. S. Atty., Michael B. L. Hepps, Asst. U. S. Atty., Philadelphia, Pa., Edward R. Korman, Dept. of Justice, Washington, D. C., for appellant.

Philip D. Lauer, Gus Milides, Easton, Pa., for appellee.

Before KALODNER, ALDISERT and GARTH, Circuit Judges.

## OPINION SUR PETITION FOR PANEL REHEARING

ALDISERT, Circuit Judge.

■ We have before us a paper,[1] filed by the United States-appellant, which we shall treat as a petition for rehearing, which seeks, inter alia, panel rehearing of an order entered on September 21, 1973, dismissing this appeal on the ground that the order of the district court was not appealable under 18 U.S.C. § 3731.

An indictment, returned on October 28, 1971, charging the defendant with violation of 29 U.S.C. § 501(c), embezzling funds of a labor organization, alleged that the defendant converted $1,233.15 of the monies of the International Brotherhood of Electrical Workers, Local 367, to use in paying for a portion of the expenses of his daughter's wedding reception at the Easton Hotel. Defendant, business manager of the Union, allegedly converted the money by way of a check signed by two officers of the Union, Robert Schaefer and Robert L. Brinker.

The F.B.I. began an investigation of this case and other cases involving the defendant in April of 1968, and continued it through June of 1970. The investigation concerning the subject of this indictment was completed by the F.B.I. by June of 1969, after which evaluations were made by the Organized Crime Strike Force and by the United States Attorney's Office. These evaluations resulted in a delay which caused the indictment to be returned October 28,

---

1. Federal Rule of Appellate Procedure 40(b) provides that the petition for rehearing shall be in the form prescribed by Rule 32(a). Rule 32(a) requires that the petition have a cover and that the title of the document appear thereon. Here there was neither a cover nor a title, and the paper was bound with masking tape. The paper which originally requested "rehearing or rehearing en banc" concludes: "It is, therefore, respectfully submitted that the petition for rehearing en banc be granted or, the alternative that a writ of mandamus issue." We express no little distress that the United States Attorney and the "Department of Justice Office of the Solicitor General" not only have failed to respect the requirements of F.R.A.P. 40(b), but have attempted to combine, in one instrument, a petition for rehearing with an original petition for mandamus. Finding no authority for such a bizarre procedure, we expressly condemn such attempt. To the extent that the paper is designed to serve as a petition for mandamus, the prayer of the petition will be denied.

1971, three days prior to the running of the statute of limitations.

Prior to trial defendant filed a motion to dismiss the indictment on the basis of prosecutorial pre-indictment delay. Two pre-trial hearings were held, and the defendant established that the two signatories to the check were no longer available: Brinker had died, and Schaefer was terminally ill. The court denied defendant's motion, and the case proceeded to trial. After the jury returned a verdict of guilty, defendant filed motions for arrest of judgment, judgment of acquittal and a new trial. The district court ordered that the case be dismissed pursuant to F.R.Cr.P. 48(b) concluding that the prosecutorial pre-indictment delay had substantially prejudiced the defendant's right to a fair trial under the due process clause of the Fifth Amendment. *See,* United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The government appealed; we dismissed the appeal by judgment order.

In its "petition" the government argues that our dismissal of the appeal and our reliance on United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970), overlook the clearly expressed intent of Congress to authorize an appeal from all post-conviction orders except where prohibited by the double jeopardy clause. We disagree.

■ After the Supreme Court's decision in *Sisson* Congress amended 18 U.S.C. § 3731.[2] That section presently provides:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

This amended section does no more than establish the double jeopardy clause as the only bar to appeals by the United States from a dismissal of an indictment or information. However, it is well established that the double jeopardy clause bars an appeal by the government from an acquittal. Price v. Georgia, 398 U.S. 323, 327, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). Since we find that the legal effect of the district court's "dismissal" was a directed verdict of acquittal, the following language from *Sisson* remains applicable:

> Quite apart from the statute, it is, of course, well settled that an acquittal can "not be reviewed, on error or otherwise, without putting [the defendant] twice in jeopardy and thereby violating the Constitution. . . .
>
> [I]n this country a verdict of acquittal, although not followed by any judgment, is a bar to a subsequent prosecution for the same offence," United States v. Ball, 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300 (1896).

399 U.S. at 289–290, 90 S.Ct. at 2129. (Footnote omitted.) "[T]he trial judge's disposition is an 'acquittal' if it is 'a legal determination on the basis of facts adduced at the trial relating to the general issue of the case. . . .'" United States v. Jorn, 400 U.S. 470, 478 n. 7, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). This necessarily requires a careful review of the entire record in each case.

While there may be occasions where an appeal may lie from a district court's dismissal of an indictment or information because further prosecution is not barred in the double jeopardy clause, we cannot agree that this is such a case. Here the record indicates that defendant filed posttrial motions for arrest of judgment, judgment of acquittal, and for a new trial. The district court, in reaching its legal determination, relied on facts adduced at trial relating to the general issue of the case:

> The Court takes notice of the facts brought out in the testimony of the

---

2. The new amendment applies only to criminal cases begun in any district court on or after its effective date, January 2, 1971.

Here the indictment was returned on October 28, 1971.

case concerning the potential testimony of Mr. Schaefer. . . . During the trial (N.T. 133–134) the defendant indicated that he never involved himself with bookkeeping or the internal affairs of the office. Finally, Mr. Wilson stated that he ordered no one to write the check in question (N.T. 164–165).

On the [g]overnment's side, it was established that the bill from the wedding reception was sent to the defendant's home address and not to the union (N.T. 62). . . . Other testimony established that Mr. Wilson controlled the union (N.T. 17), and that Mr. Schaefer and Mr. Brinker were office help who owed their jobs to the defendant (N.T. 80, 181).

. . . The Court finds that the unreasonable delay was substantially prejudicial to the case of Mr. Wilson in that the only witness who could explain the circumstances of the check became terminally ill during the period of unreasonable delay. Although the government contends that this is only a showing of potential or speculative prejudice, there is an absolute certainty as a signer of all checks that Mr. Schaefer would add testimony of utmost importance to the trial.

██ The district court granted the relief sought, but labelled it as a dismissal of the indictment. However, we have been admonished to "be guided in determining the question of appealability . . . not by the . . . [label] the court gave [its decision] but by what in legal effect it actually was. . . ." United States v. Sisson, supra, 399 U.S. at 279 n. 7, 90 S.Ct. at 2124.

The government argues that our dismissal of this appeal is in conflict with our holding in United States v. Pecora, 484 F.2d 1289 (3 Cir. 1973) and the Seventh Circuit's recent case of United States v. Esposito, 492 F.2d 6 (1973) cert. denied, 414 U.S. 1135, 94 S.Ct. 879, 38 L.Ed.2d 760. Although the court in Esposito held that the order of the district court was appealable under amended Section 3731, it stressed:

For jeopardy purposes the question to be decided is whether the trial court "bottomed" his order "on factual conclusions not found in the indictment" or "on the basis of evidence adduced at trial." United States v. Sisson, 399 U.S. 267, 288, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970). If the court's order "arresting judgment" is based upon evidence produced at trial, it is in the nature of an acquittal and is not appealable under the double jeopardy clause.

A review of the record here shows that the trial judge did not base his order on the evidence adduced at trial. (492 F.2d at 8.) Thus, the critical distinction between Esposito and the case sub judice is that here the district court did bottom its decision on evidence adduced at trial.

In United States v. Pecora, supra, we held that an order of the district court granting defendant's motion to dismiss based upon stipulated facts for the purpose only of attacking the validity of an indictment was appealable. There we emphasized that "[e]ntering into the stipulation of facts for the purpose only of attacking the validity of the indictment did not constitute the waiver [of defendant's right to a jury trial] . . . ." and that "[t]he district court . . . [did not determine] the character of . . . evidence [actually entered into the record] . . . ."

██ Under the totality of the circumstances of this case, considering that defendant filed pre-trial motions to dismiss, that following two pre-trial hearings the motions to dismiss the indictment were denied, that he was forced to defend the indictment after a jury had been impaneled and sworn, and that the "dismissal" was entered following post-trial motions for judgment of acquittal or arrest of judgment after the district court based its legal determination on facts adduced at trial relating to the general issue of the case, we cannot say that its dismissal did not operate as an acquittal.

Accordingly, the "petition" for panel rehearing will be denied.

Before SEITZ, Chief Judge, and KALODNER, VAN DUSEN, ALDISERT, ADAMS, GIBBONS, ROSENN, HUNTER, WEIS and GARTH, Circuit Judges.

### ORDER

Appellant's petition for rehearing having been submitted to the judges who participated in the decision of this court and to all other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied. The petition for writ of mandamus to compel the district court to vacate the order of dismissal and enter a judgment of conviction is denied.

ROSENN, Circuit Judge, would grant the petition for rehearing.