**UNITED STATES of America,
Appellant,**

v.

**Juan Antonio SUAREZ, Appellee.**

**No. 134, Docket 74–1877.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 18, 1974.

Decided Oct. 16, 1974.

Eastern District of New York, entered on November 9, 1973, granting the motion of the appellee Juan Antonio Suarez for a judgment of acquittal. Suarez had been charged in a three-count indictment with possession with intent to distribute, distribution, and conspiracy to distribute one-eighth of a kilogram of cocaine. A co-defendant, Alberto Vera, pleaded guilty to one count of the indictment and Suarez went on trial on October 11, 1973. Count three, which charged Suarez with abetting Vera's possession with intent to distribute, was dismissed by Judge Dooling at the conclusion of the Government's direct case. The rest was given to the jury on the two counts of conspiracy and the abetting of Vera in distributing the cocaine. The jury failed to reach an agreement, Judge Dooling declared a mistrial, and the trial was terminated.

At the conclusion of the Government's case, counsel for Suarez had moved for judgments of acquittal pursuant to Rule 29, Fed.R.Crim.P. The motion was denied by Judge Dooling but, after the mistrial, the motions for acquittal on both counts were renewed by counsel for Suarez, and granted in the memorandum and order of Judge Dooling.

While it is clear that the Criminal Appeals Act, as amended by the Omnibus Crime Control Act of 1970 (now 18 U.S.C. § 3731) was intended to authorize an appeal by the Government from an order of a district court terminating a criminal case as far as is constitutionally permissible, in our view the Double Jeopardy Clause prohibits further prosecution. The issue has been exhaustively discussed in our recent opinion, United States v. Jenkins, 490 F.2d 868 (2d Cir. 1973), cert. granted, 417 U.S. 908, 94 S.Ct. 2603, 41 L.Ed.2d 211 (1974). While this case and others presenting similar questions are present-

---

Edward R. Korman, Asst. U. S. Atty. (David G. Trager, U. S. Atty. for the E. D. of New York, Raymond J. Dearie, Asst. U. S. Atty., of counsel), for appellant.

Morrow D. Mushkin, Garden City, N. Y., for appellee.

Before MOORE, MULLIGAN and ADAMS,* Circuit Judges.

PER CURIAM:

This is an appeal by the United States from an order of Judge Dooling of the

---

* Of the Third Circuit Court of Appeals, sitting by designation.

**168**

ly on review before the Supreme Court,[1] we see no reason to delay our decision here. In *Jenkins,* Judge Lumbard's dissent was based on the lower court's characterization of the order appealed from as the dismissal of an indictment. He agreed that if the decision below had been described as an acquittal, the Double Jeopardy Clause would prohibit the appeal. *Jenkins, supra,* 490 F.2d at 881. No such problem exists here. Judge Dooling's order provides: "Ordered that the motion of the defendant, Juan Suarez, for a judgment of acquittal is granted." As Justice Harlan pointed out in United States v. Sisson, 399 U.S. 267, 290, 90 S.Ct. 2117, 2129, 26 L.Ed.2d 608 (1970) it makes no difference that "in this case it was the judge—not the jury—who made the factual determinations . . . [J]udges, like juries, can acquit defendants . . . ." Further, there is no doubt here that Judge Dooling's ruling was based on the evidence presented at the trial, which he deemed insufficient to establish active participation by Suarez in the venture, so as to constitute conspiracy or abetting. As Judge Friendly pointed out in *Jenkins, supra,* 490 F.2d at 878, even though the lower court ruling be based upon an erroneous legal ground, a new trial is prevented by the Double Jeopardy Clause. We do not reach and express no opinion on the merits of the position taken below. There has been a legal determination of innocence on the basis of the facts, adduced at the trial, relating to the general issues of the case, and therefore on the basis of *Jenkins* and the authorities relied upon in the majority opinion, the appeal is dismissed for lack of jurisdiction by virtue of the constitutional ban of the Double Jeopardy Clause.

1. In addition to *Jenkins,* the applicable cases are United States v. Wilson, 492 F.2d 1345 (3d Cir. 1973), cert. granted, 417 U.S. 908, 94 S.Ct. 2603, 41 L.Ed.2d 211 (1974) (does Double Jeopardy bar a government appeal from a district court order, entered after a jury verdict of guilty, dismissing an indictment on the ground of unnecessary pre-indictment delay), and Serfass v. United

States, 492 F.2d 388 (3d Cir. 1974), cert. granted, 416 U.S. 955, 94 S.Ct. 1967, 40 L.Ed.2d 304 (1974) (does Double Jeopardy bar a government appeal from an order, entered prior to the empanelling of a jury, dismissing an indictment on the basis of a legal ruling by the district court after examination of records and affidavits setting forth the evidence to be adduced at trial).