**UNITED STATES of America,
Plaintiff-Appellant,**

**v.**

**Vanis Ray ROBBINS,
Defendant-Appellee.**

**No. 74–1363.**

United States Court of Appeals,
Sixth Circuit.

Jan. 23, 1975.

Eugene E. Siler, U. S. Atty., Lexington, Ky., Leonard A. Sands, Crim. Div., Dept. of Justice, Cleveland, Ohio, David Margolis, Cleveland, Ohio, Peter M. Shannon, Jr., Robert H. Plaxico, Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Robert Ent, Cincinnati, Ohio, Barry Wehrman, Covington, Ky., for defendant-appellee.

Before PECK, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

Defendant-appellee was indicted for extortion in attempting to collect a gambling debt. A jury was empaneled, and after the government had rested, the appellee made a motion for a directed verdict of acquittal. The district judge, after reviewing the government's evidence, held that the statute involved (18 U.S.C. § 894) does not apply to the collection of illegal gambling debts. Accordingly, he entered a judgment of acquittal.

The government perfected this appeal pursuant to 18 U.S.C. § 3731, maintaining that notwithstanding the fact that the judgment below was based upon facts established by evidence received at trial, there was no acquittal on the merits and it would not be double jeopardy to try appellee again. We do not agree. Section 3731 reads, in pertinent part, as follows:

"In a criminal case an appeal by the United States shall lie to a court of

appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, *except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.*" (Emphasis supplied.)

In interpreting the above statute, the Supreme Court has held that jeopardy has attached and that an appeal may therefore not be perfected from a determination that rests on evidence adduced at trial, United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970). Relying on *Sisson*, this court stated that "[i]f the indictment is dismissed as a result of a stipulated fact or the showing of evidentiary facts outside the indictment, which facts would constitute a defense on the merits at trial, no appeal is available." United States v. Rothfelder, 474 F.2d 606, 608 (6th Cir.), cert. denied, 413 U.S. 922, 93 S.Ct. 3066, 37 L.Ed.2d 1044 (1973). In the instant case the decision of the district judge rested upon evidence introduced by the government at trial, and therefore, no appeal lies from the judgment of acquittal.

The appeal is dismissed.